1

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)

2
*ron@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)

3
*alexis@consumersadvocates.com*
KAS GALLUCCI (SBN 288709)

4
*kas@consumersadvocates.com*
651 Arroyo Drive

5
San Diego, California 92103
Telephone:(619) 696-9006

6
Facsimile: (619) 564-6665

7
**THE WESTON FIRM**
GREG WESTON (SBN 239944)

8
*greg@westonfirm.com*
DAVID ELLIOT (SBN 270381)

9
*david@westonfirm.com*
1405 Morena Blvd., Suite 201

10
San Diego, California 92110
Telephone:(619) 798-2006

11

12
***Attorneys for Plaintiff and the Proposed Class***

13

14

15
**UNITED STATES DISTRICT COURT**

16
**CENTRAL DISTRICT OF CALIFORNIA**

17
LORI GOLDEN, on behalf of herself, and | Case No.:
all others similarly situated,

18
| CLASS ACTION

19
Plaintiff,
v. | **CLASS ACTION COMPLAINT**

20
| **FOR DAMAGES AND**
AMERICAN PRO ENERGY, | **INJUNCTIVE RELIEF**

21
| **PURSUANT TO THE**
Defendant. | **TELEPHONE CONSUMER**

22
| **PROTECTION ACT, 47 U.S.C.**
| **§§ 227 et seq.**

23

24
| DEMAND FOR JURY TRIAL

25

26

27

28

## INTRODUCTION

1.      Lori Golden ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of American Pro Energy ("Defendant"), in negligently, and/or willfully contacting Plaintiff through telephone calls on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

2.      American Pro Energy is in the business of arranging and brokering the sale and installation of residential solar electric systems.

3.      As part of American Pro Energy's business model and in an attempt to solicit business, American Pro Energy purchases consumer data from third party vendors.  Once it obtains this information, American Pro Energy routinely contacts consumers through telephone calls with automatic telephone dialing equipment.  As a result of this business practice, American Pro Energy regularly makes automated calls to cellular telephone numbers, without consent, in violation of the TCPA.

4.      The TCPA strictly forbids nuisance calls exactly like those alleged in this Complaint – intrusive phone calls to private cellular phones, placed to numbers obtained without the prior express consent of the call recipients.

5.      American Pro Energy's violations caused Plaintiff and members of the Class actual harm, including aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited phone calls, as well as the violation of their statutory rights.

6.       Plaintiff seeks an injunction stopping American Pro Energy from making unsolicited phone calls, as well as an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

7.       Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.   Further, Plaintiff alleges a national class, which will include class members residing in different states than that of Defendant, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A).   Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

8.       This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, a federal statute.

9.       Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and 1441(a) because Defendant, at all times herein mentioned, was doing business in the County of San Bernardino, State of California.

## PARTIES

10.       Plaintiff Lori Golden is, and at all times mentioned herein was, a resident of the State of California.   She is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

11.       Defendant American Pro Energy is a residential solar energy company that maintains its principal place of business at 5632 Van Nuys, Los Angeles, California 91401.   At all times mentioned herein, American Pro Energy was a "person" as defined by 47 U.S.C. § 153 (39).

12.       American Pro Energy actively conducted and continues to conduct telemarketing campaigns for the purpose of selling solar electric systems.

2

13.     Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Bernardino, and within this judicial district by offering solar electric products and services to California residents through a telemarketing campaign.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA),**
**47 U.S.C. §§ 227 *et seq.***

14.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

15.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

16.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (F.C.C. 2003) ("2003 FCC Order").

17.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling,[4] the burden is on Defendant to demonstrate that Plaintiff provided prior express consent within the meaning of the statue.

18.     Further, as of October 16, 2013, express **written** consent is required to many any such telemarketing calls.[5]  The express written consent must be signed and be sufficient to show the consumer received clear and conspicuous disclosure of the significance of providing consent and must further unambiguously agree to receive future phone calls.[6]

## FACTUAL ALLEGATIONS

19.     Commencing no later than February of 2016 through the present, Plaintiff received a number of unsolicited phone calls to her wireless phone, for which Plaintiff provided no consent to call.  These calls were received frequently and on some occasions several calls in a single week.

20.     Most of the incoming calls from American Pro Energy received by Plaintiff came from the following numbers: 818-853-2378; 818-928-9583; 818-697-6382.

21.     American Pro Energy called Plaintiff on at least the following dates and times, as well as on numerous other occasions:  April 8, 2016 at 9:34 a.m., April 20, 2016 at 9:12 a.m., April 21, 2016 at 4:38 p.m., April 29, 2016 at 11:37 a.m., and May 2, 2016 at 10:56 a.m.

---

[4] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 2008 WL 65485 (F.C.C. Jan. 4, 2008) ("2008 FCC Order").

[5] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 27 F.C.C.R. 1830, 1837 ¶ 18, 1839 ¶ 20, 1858 ¶ 71 (F.C.C. Feb. 15, 2012) ("2012 FCC Order").

[6] 2012 FCC Order at 1844 ¶ 13; *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009); *Gutierrez v. Barclays Grp.*, 2011 WL 579238, at *2 (S.D. Cal. Feb. 9, 2011).

22.     During the phone calls to Plaintiff's cellular telephone, there would be a short delay before Plaintiff would be connected to a live representative.  Once connected with a live representative of Defendant, Defendant would solicit Plaintiff, the call recipient, to schedule appointments to purchase solar energy systems.

23.     Numerous times, during these same phone calls, Plaintiff would instruct Defendant to stop calling, ask to be placed on the internal "Do Not Call List" and would further advise that her cellular telephone number was on the Federal Do Not Call Registry.  Despite Plaintiff's efforts to stop Defendant's calls, Plaintiff continued and continues to receive unsolicited phone calls from Defendant.

24.     Plaintiff is not alone in receiving these unsolicited phone calls or in making numerous requests to stop the calls which Defendant failed to honor.  The website for the Better Business Bureau shows 129 harassment complaints for this Defendant.  Most recently, an April 4, 2016 submission by a consumer states:

"I keep receiving phone calls from this company even though I have repeatedly asked to be removed from their calling list. They call almost daily.  I have received calls from this company for months; lately they have called 6 out of the past 7 days. They pay no attention to my request not to call, to take me off their organization's calling list. They say they will stop but never do. I have even called them & left a voice mail to stop calling. I have reported them to the Do Not Call Registry more than once."

*See*         http://www.bbb.org/losangelessiliconvalley/business-reviews/referral-contractor/american-pro-energy-in-los-angeles-ca-359892/complaints#breakdown (last visited on April 19, 2016).

25.     These unsolicited phone calls placed to Plaintiff's wireless telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" system as prohibited by 47 U.S.C. § 227 (b)(1)(A), which had the capacity to produce or store

numbers randomly or sequentially, and to dial such numbers, to place telephone calls to Plaintiff's cellular telephone.

26.     The existence of the ATDS is further evidenced by the sheer volume of calls received by Plaintiff and Class Members, as such calls would only be made using automated equipment.

27.     The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

28.     These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

29.     Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

30.     These telephone calls by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class").

32.     Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who: (1) received a telephone call from Defendant or its agents; (2) on his or her cellular telephone number; (3) through the use of any automatic telephone dialing systems or artificial or pre-recorded voice system as set forth in 47 U.S.C. § 227(b)(1)(A)(3); and (4) where Defendant has no record of prior express consent for such individual to make such call, within four years prior to the filing of the Complaint through the date of final approval.

33.     Defendant and its employees or agents are excluded from the Class.

34.     Plaintiff does not know the exact number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus,

this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

35.     Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using unsolicited telephone calls, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

36.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

37.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.  The Class can be identified through Defendant's records or Defendant's agents' records.

38.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact with respect to the Class predominate over questions which may affect individual Class members, including the following:

        a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed telephone calls without the recipients' prior express consent (other than a telephone call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or

*Golden v. American Pro Energy*
CLASS ACTION COMPLAINT

an artificial or pre-recorded voice system, to any telephone number assigned to a cellular telephone service;

b.  Whether the equipment Defendant or its agents used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCAP;

c.  Whether Defendant or its agents systematically made telephone calls to persons featuring an artificial or pre-recorded voice;

d.  Whether Defendant or its agents systematically made telephone calls to persons who did not previously provide Defendant with their prior express consent to receive such telephone calls;

e.  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations; and

f.  Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

39.    As a person that received at least one unsolicited telephone call to her cell phone without prior express contest, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

40.    Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

41.    Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

42.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

43.     This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect each of the Class members uniformly. Plaintiff's challenge to those practices hinges on Defendant's conduct with respect to the Class as whole, not on facts or law applicable only to Plaintiff.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §§ 227 *ET SEQ.*

44.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     Each such telephone call described herein was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.  By using such equipment, Defendant was able to in effect make hundreds or thousands of phone calls simultaneously to lists of thousands of consumers' wireless phone numbers without human intervention.

9

46.     The foregoing acts and omissions by Defendant and its agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

47.     As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

48.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. §§ 227 *ET SEQ*.**

49.     Plaintiff incorporates by reference the above paragraphs 1 through 43 inclusive, of this Complaint as though fully stated herein.

50.     Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to in effect make hundreds or thousands of phone calls simultaneously to lists of thousands of consumers' wireless phone numbers without human intervention.

51.     The foregoing acts and omissions by Defendant and its agents constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. §§ 227 *et seq*.

52.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to treble damages, as

provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

53.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.*

54.     As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

55.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

56.     Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.*

57.     As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

58.     Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

59.      Any other relief the Court may deem just and proper.

*Golden v. American Pro Energy*
CLASS ACTION COMPLAINT

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  May 3, 2016                    */s/ Ronald A. Marron*
                                       By: Ronald A. Marron
                                       **LAW OFFICES OF RONALD A.**
                                       **MARRON**
                                       RONALD A. MARRON
                                       ALEXIS WOOD
                                       KAS GALLUCCI
                                       651 Arroyo Drive
                                       San Diego, California 92103
                                       Telephone: (619) 696-9006
                                       Facsimile: (619) 564-6665


Dated:  May 3, 2016                    */s/ Greg Weston*
                                       By: Greg Weston
                                       **THE WESTON FIRM**
                                       GREG WESTON
                                       DAVID ELLIOT
                                       1405 Morena Blvd., Suite 201
                                       San Diego, California 92110
                                       Telephone: (619) 798-2006

*Golden v. American Pro Energy*
CLASS ACTION COMPLAINT