UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 16-891-MWF (KKx)** | Date: | June 22, 2017 |
| Title: | *Lori Golden v. American Pro Energy, et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order Granting Plaintiff's Motion to Compel [Dkt. 36]

   On June 1, 2017, Plaintiff Lori Golden ("Plaintiff") filed a Motion to Compel seeking (a) supplemental responses without objection to Interrogatories, Set One, Nos. 1 through 13; (b) responses without objection to Interrogatories, Set Two, Requests for Production, Sets One and Two; and (c) an order that Requests for Admission, Set One be deemed admitted ("Motion to Compel").  ECF Docket No. ("dkt.") 36.  Plaintiff also seeks an award of expenses incurred in connection with her efforts to obtain discovery in the sum of $11,839.00.  For the reasons set forth below, the Court GRANTS Plaintiff's Motion to Compel.  In addition, the Court finds an award of expenses to Plaintiff is warranted, but additional briefing is required to determine the appropriate amount of such an award.  The hearing set for June 29, 2017 is hereby VACATED.

**I.
BACKGROUND**

   On May 3, 2016, Plaintiff filed a Class Action Complaint alleging Defendant American Pro Energy ("Defendant") "negligently, and/or willfully contact[ed] Plaintiff through telephone calls on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy."  Dkt. 1, Compl. at ¶ 1.  Plaintiff brings this action on behalf of herself and all persons within the United States who received a telephone call from Defendant on his or her cellular telephone number through the use of any automatic telephone dialing systems or artificial or pre-recorded voice system, and where

Defendant has no record of prior express consent for such individual to make such call, within four years prior to the filing of the Complaint. Id. at ¶ 32.

On October 4, 2016, Plaintiff served Interrogatories, Set One, and Requests for Production of Documents, Set One, on Defendant. Dkt. 36-1, Declaration of Kas Gallucci ("Gallucci Decl.,"), ¶ 1, Exs. 1, 2. Plaintiff's counsel granted Defendant an extension until December 5, 2016 to respond without objections to Interrogatories, Set One, and Requests for Production of Documents, Set One. Id. ¶ 2. On December 7, 2016, Plaintiff's counsel granted Defendant an additional extension until December 16, 2016 to respond without objections. Id. ¶ 3. On December 22, 2016, Defendant's counsel sent Plaintiff's counsel an email stating he would provide "a date certain to provide Defendant's discovery responses by December 23rd." Id. ¶ 5. Plaintiff's counsel did not receive any further communication from Defendant's counsel. Hence, on January 10, 2017, Plaintiff's counsel sent Defendant's counsel an email stating she would be filing a motion to compel and seeking sanctions. Id. ¶ 7. On January 11, 2017, Defendant's counsel responded stating he would provide discovery responses by the end of that day. Id. On January 20, 2017, Plaintiff's counsel sent Defendant's counsel a letter requesting to meet and confer. Id. ¶ 9.

On March 1, 2017, Defendant served unverified responses to Interrogatories, Set One. Id. ¶¶ 1, 10, Ex. 3.

On March 7, 2017, Plaintiff served on Defendant (a) Interrogatories, Set Two; (b) Requests for Production of Documents, Set Two; and (c) Requests for Admission, Set One. Id. ¶ 1, 11, Exs. 4, 5.

On May 1, 2017, Plaintiff's counsel sent Defendant's counsel a letter requesting to meet and confer regarding Defendant's failure to respond to Plaintiff's discovery requests and setting forth deficiencies in Defendant's responses to Interrogatories, Set One. Dkt. 36-2, Declaration of Andrew C. Hamilton ("Hamilton Decl.") ¶ 2, Ex. A.

On May 4, 2017, Defendant's counsel called Plaintiff's counsel, but refused to meet and confer regarding discovery. Id. ¶ 3.

On May 11, 2017, the Court granted Plaintiff's unopposed Motion for Class Certification. Dkt. 35.

On May 12, 2017, Plaintiff's counsel sent Defendant's counsel Plaintiff's portion of a joint stipulation regarding the discovery dispute. Hamilton Decl., ¶ 4, Ex. B. On that same day, Defendant's counsel informed Plaintiff's counsel Defendant would not cooperate in preparing the joint stipulation. Id. ¶ 5, Ex. C.

On June 1, 2017, Plaintiff filed the instant Motion to Compel. Dkt. 36. On June 12, 2017, the previously assigned United States Magistrate Judge held a telephonic conference regarding Plaintiff's Motion to Compel. Dkt. 39. Defendant's counsel informed the Court "defendant did

not oppose the Motion and that it intended to file for bankruptcy protection." Id. The Court ordered counsel for Defendant to file a notice of non-opposition no later than June 16, 2017. As of the date of this Order, Defendant has filed neither an opposition nor a notice of non-opposition. The matter thus stands submitted.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

Lastly, pursuant to Local Rule 7-12, a party's failure to oppose a motion may be deemed consent to the granting of the motion. L.R. 7-12.

## III.
## DISCUSSION

### A.    REQUESTS FOR ADMISSION, SET ONE

Pursuant to Federal Rule of Civil Procedure 36(a)(3), "A matter is admitted unless, within 30 days after being served [with a Request for Admission], the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Here, Defendant was served with the Requests for Admission, Set One, on March 7, 2017. Gallucci Decl., ¶ 11. Over three months have passed since Defendant was served with the Requests for Admission and Defendant has not served a written answer or objection. Id. In addition, the Court deems Defendant's failure to oppose the Motion consent to granting the Motion that the Requests for Admission be deemed admitted. See L.R. 7-12. Hence, the Court grants Plaintiff's Motion and the Requests for Admission, Set One, shall be deemed admitted.

## B. REQUESTS FOR PRODUCTION, SETS ONE AND TWO

"The party to whom the [Request for Production] is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production] . . ., accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006). Failure to object to requests for production of documents within the time required constitutes a waiver of any objection. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992); Bryant v. Armstrong, 285 F.R.D. 596, 602 (S.D. Cal. 2012) (holding objections served one and one-half months late were waived).

Here, Defendant was served with Requests for Production, Set One, on October 4, 2016 and Requests for Production, Set Two, on March 7, 2017. Gallucci Decl., ¶¶ 1, 11, Ex. 2, 5. As of June 1, 2017, Defendant had not served any written responses to either set of Requests for Production. Id. ¶ 11. In addition, the Court deems Defendant's failure to oppose the Motion consent to granting the Motion to Compel responses to Requests for Production. See L.R. 7-12. Accordingly, Defendant has waived any objections to Requests for Production, Sets One and Two. Hence, the Court grants Plaintiff's Motion and Defendant shall serve written responses to Requests for Production, Sets One and Two, and produce all responsive documents without objections within ten (10) days of the date of this order.

## C. INTERROGATORIES, SETS ONE AND TWO

"The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Finally, responses to interrogatories must be verified. Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them, and the attorney who objects must sign any objections.").

Here, Defendant was served with Interrogatories, Set One, on October 4, 2016 and Interrogatories, Set Two, on March 7, 2017. Gallucci Decl., ¶¶ 1, 11, Exs. 1, 4. On March 1,

2017, Defendant served *unverified* responses to Interrogatories, Set One.[1]  Id. ¶ 1, Ex. 3.  Defendant has not served responses to Interrogatories, Set Two.  Therefore, as of June 1, 2017, Defendant has not served any answers or objections to either set of Interrogatories.  Id. ¶ 11; Fed. R. Civ. P. 33(b)(5).  In addition, the Court deems Defendant's failure to oppose the Motion consent to granting the Motion to Compel responses to Interrogatories, Sets One and Two.  See L.R. 7-12.  Accordingly, Defendant has waived any objections to Interrogatories, Sets One and Two.  Hence, the Court grants Plaintiff's Motion and Defendant shall serve verified, written responses to Interrogatories, Sets One and Two without objections within ten (10) days of the date of this order.

### D. PLAINTIFF'S REQUEST FOR EXPENSES IS GRANTED

#### 1. Applicable Law

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), if a discovery motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).

In addition, the Local Rules provide strict procedures with which counsel must comply in bringing or opposing a discovery motion, including requiring a pre-filing conference of counsel and joint stipulation, and  specifically provide that "[t]he failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions."  L.R. 37-4.

#### 2. Application

Here, Defendant failed to meet and confer, participate in the preparation of a joint stipulation, or timely oppose the Motion to Compel.  Further, Defendant's failure to respond to discovery is not substantially justified.  Thus, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and Local Rule 37-4, Plaintiff's request for an award of reasonable expenses incurred in connection with compelling Defendant to comply with its discovery obligations is GRANTED in an amount to be determined after further briefing.

---

[1] In addition, having reviewed Defendant's counsel's proposed responses to Interrogatories, Set One, Nos. 1 through 12, the Court agrees with Plaintiff that the responses appear to generally ignore the fact that this is a class action.  Hence, Defendant's refusal to respond to interrogatories regarding other class members is unjustified, and the proposed responses are incomplete.

Plaintiff requests the amount of $11,839.  However, Plaintiff has not provided evidentiary support for the amount requested.  The Court will determine the appropriate amount of monetary sanctions after reviewing further evidentiary support.  Plaintiff may file a declaration regarding the amount reasonably incurred as a result of Defendant's failure to timely respond to discovery **no later than June 29, 2017**.  Defendant may file objections to Plaintiff's declaration **no later than three (3) court days** after the declaration is filed and served.

## IV.
## CONCLUSION

Based upon the foregoing reasons and Defendant's failure to file a timely opposition, **IT IS THEREFORE ORDERED** that:

(1)	Plaintiff's Motion to Compel is **GRANTED**;

(2)	Plaintiff's Requests for Admission, Set One, are deemed to be admitted by Defendant;

(3)	***Within ten (10) days of the date of this Order***, Defendant shall provide the following to Plaintiff:

   (a) Verified supplemental responses without objections to Interrogatories, Set One;

   (b) Verified responses without objections to Interrogatories, Set Two; and

   (c) Responses without objections to Requests for Production, Sets One and Two.

(4)	Plaintiff may file a declaration regarding the amount reasonably incurred as a result of Defendant's failure to timely respond to discovery **no later than June 29, 2017**. Defendant may file objections to Plaintiff's declaration **no later than three (3) court days after** the declaration is filed and served; and

(5)	The hearing on Plaintiff's Motion to Compel set for June 29, 2017 is VACATED.