UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-891-MWF (KKx) | Date: | January 4, 2018 |
| Title: | *Lori Golden v. American Pro Energy, et al.* | | |

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Denying Plaintiff's Motion to Compel Defendant's Counsel to Provide Responses to Plaintiff's Discovery Without Prejudice [Dkt. 56]

On November 2, 2017, Plaintiff Lori Golden ("Plaintiff") filed a "Motion to Compel Defendant's Counsel to Provide Responses to Plaintiff's Discovery" requesting that the Court compel a non-party, counsel for Defendant American Pro Energy ("Defendant"), to produce: (a) all e-mail both to and from Defendant and its officers and employees; (b) all business records of Defendant; (c) all text and instant messages with the officers and employees of Defendant; (d) all attorney work product in this case; (e) all bills and billing statements from this case; and (f) all "other information that [may] lead to the disclosures [of] the identity, location, and assets of Defendant, its owners, and its officers" ("Motion"). ECF Docket No. ("Dkt.") 56. For the reasons set forth below, the Court DENIES Plaintiff's Motion without prejudice.

## I.
## BACKGROUND

On May 3, 2016, Plaintiff filed a Class Action Complaint alleging Defendant "negligently, and/or willfully contact[ed] Plaintiff through telephone calls on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy." Dkt. 1, Compl. ¶ 1. Plaintiff brings this action on behalf of herself and all persons within the United States who received a telephone call from Defendant on his or her cellular telephone number through the use of any automatic telephone dialing systems or artificial or pre-recorded voice system, and where Defendant has no record of prior express

consent for such individual to make such call, within four years prior to the filing of the Complaint. Id. at ¶ 32.

On October 4, 2016, Plaintiff served Interrogatories, Set One, and Requests for Production of Documents, Set One, on Defendant. Dkt. 56-1, Declaration of Kas Gallucci ("Gallucci Decl.,"), ¶ 2, Exs. 1, 2.

On March 1, 2017, Defendant served unverified responses to Interrogatories, Set One. Id. ¶ 2, Ex. 3.

On March 7, 2017, Plaintiff served on Defendant (a) Interrogatories, Set Two; (b) Requests for Production of Documents, Set Two; and (c) Requests for Admission, Set One. Id. ¶ 2, Exs. 4, 5.

On June 1, 2017, Plaintiff filed a Motion to Compel Defendant to provide (a) supplemental responses without objection to Interrogatories, Set One, Nos. 1 through 13; (b) responses without objection to Interrogatories, Set Two, Requests for Production, Sets One and Two; and (c) an order that Requests for Admission, Set One be deemed admitted. Dkt. 36.

On June 22, 2017, the Court granted Plaintiff's unopposed Motion to Compel discovery from Defendant deeming the Requests for Admission admitted and ordering Defendant to provide verified responses to Plaintiff's written discovery requests within ten (10) days. Dkt. 41

On July 5, 2017, Plaintiff's counsel spoke with Defendant's counsel and was informed Defendant had not, and did not intend to, serve responses as ordered by the Court. Gallucci Decl., ¶¶ 16-17. Defendant's counsel acknowledged that she held most of the requested documents in her possession, but claimed she could not provide them without Defendant's approval, which had not been provided. Id. ¶ 18.

On July 10, 2017, the Court granted Plaintiff's unopposed request for reasonable expenses incurred in connection with the Motion to Compel and ordered that Defendant pay the sum of $11,839.00 to Plaintiff within ten (10) days. Dkt. 44.

On July 27, 2017, Plaintiff filed a Motion to strike Defendant's Answer based on Defendant's failure to respond to discovery requests and comply with Court orders. Dkt. 45. On August 30, 2017, the Court granted Plaintiff's unopposed Motion to strike Defendant's Answer. Dkt. 50.

On October 6, 2017, Plaintiff served a subpoena on Defendant's counsel. Gallucci Decl., ¶ 22, Ex. 9. Defendant's counsel did not respond to the subpoena. Id. ¶ 22.

On November 2, 2017, Plaintiff filed the instant Motion to compel Defendant's counsel to produce: (a) all e-mails both to and from Defendant and its officers and employees; (b) all business records of Defendant; (c) all text and instant messages with the officers and employees

of Defendant; (d) all "attorney work product in this case"; (e) all "bills and billing statements from this case"; and (f) all "other information that [may] lead to the disclosures [of] the identity, location, and assets of Defendant, its owners, and its officers." Dkt. 56. On December 15, 2017, Defendant filed an unsigned opposition and attached an unsigned declaration of Ms. Lucero. Dkt. 62. On December 22, 2017, Plaintiff filed a Reply. Dkt. 63. The matter thus stands submitted.

## II.
## APPLICABLE LAW

"The Federal Rules of Civil Procedure distinguish between parties and non-parties in establishing available discovery devices." Jules Jordan Video, Inc. v. 144942 Canada, Inc., 617 F.3d 1146, 1158 (9th Cir. 2010). Federal Rule of Civil Procedure 45 ("Rule 45") provides the exclusive method of discovery on non-parties. Thompson v. Gonzales, No. 1:15-CV-301-LJO-EPG, 2016 WL 5404436, at *4 (E.D. Cal. Sept. 27, 2016) ("[B]ecause Rule 45 is the only discovery-related Rule that pertains to non-parties, numerous courts have held explicitly that a Rule 45 subpoena is required to obtain discovery from a non-party." (collecting cases, citing Hickman v. Taylor, 329 U.S. 495, 502-04, 67 S. Ct. 385, 91 L. Ed. 451 (1947))). It is well-settled that both counsel for a party and a defaulted defendant are non-parties. Hickman, 329 U.S. at 504 ("Rule 34, like Rule 33, is limited to parties to the proceeding, thereby excluding their counsel or agents."); Jules Jordan Video, Inc., 617 F.3d at 1159 ("a defaulted defendant should be treated as a non-party"). Moreover, the Court's inherent authority to control discovery does not extend to compelling discovery from a non-party absent a properly served subpoena. Thompson, 2016 WL 5404436, at *8 ("[T]he Court's power to order non-party discovery, if any, is derived exclusively from Rule 45.").

## III.
## DISCUSSION

Here, Plaintiff seeks to compel production of documents from a non-party in order to support a motion for default judgment, but fails to set forth under what authority the Court may do so. In fact, Plaintiff merely argues "This is not a case where proceeding 'in accordance with a specific rule would be important or decisive.'" Dkt. 56 at 10 (citing Hickman, 329 U.S. at 505-06). Plaintiff's attempt to make an end-run around the discovery rules is not well taken. Contrary to Plaintiff's argument, Hickman makes clear that a request for documents under a party's attorney's exclusive control can only be compelled via Rule 45 subpoena. Hickman, 329 U.S. at 504. Hence, because Plaintiff fails to establish the documents sought in the instant Motion have been subpoenaed pursuant to Rule 45, the Motion must be denied.

In addition, the discovery sought by Plaintiff by the instant Motion to Compel is vague, ambiguous, and overbroad. For example, it is unclear whether Plaintiff's request for "all bills and billing statements from this case" refers to Defendant's bills to outside vendors or Defendant's counsel's bills to Defendant, and Plaintiff makes no attempt to explain the relevance of either to the merits of the case at hand. In addition, it is unclear how all attorney work product

in this case will be relevant to supporting Plaintiff's motion for default judgment. Moreover, to the extent Plaintiff is seeking to compel Defendant's counsel's compliance with the subpoena served on October 6, 2017, Plaintiff has not made any attempt to establish the documents she now seeks were requested in the subpoena.[1] While Plaintiff specifically identifies some of the Requests for Production and Interrogatories served on Defendant that are relevant to damages, Plaintiff fails to connect those requests to the discovery Plaintiff seeks by way of the instant Motion.[2] Hence, because Plaintiff fails to establish the relevance of the documents sought in the instant Motion, the Motion must be denied.

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Compel Defendant's Counsel to Provide Responses to Plaintiff's Discovery is DENIED without prejudice.

---

[1] The Court notes Defendant's counsel is subject to – and will be required to comply with – valid, properly served Rule 45 subpoenas. See Thompson, 2016 WL 5404436, at *8 n.11.

[2] The Court notes Plaintiff's motion to compel regarding the requests for production and interrogatories from Defendant has already been granted.