UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-891-MWF (KKx) | Date: | July 9, 2018 |
| Title: | *Lori Golden v. American Pro Energy, et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Denying Without Prejudice Plaintiff's Motion to Compel Defendant's Counsel to Comply with Court's February 15, 2018 Order [Dkt. 78]

On April 30, 2018, Plaintiff Lori Golden ("Plaintiff") filed a Motion requesting the Court compel non-party Linda Lucero ("Lucero"), counsel for Defendant American Pro Energy ("Defendant"), to produce responses and documents as ordered by the Court on February 15, 2018 ("Motion").[1] ECF Docket No. ("Dkt.") 78. For the reasons set forth below, the Court denies Plaintiff's Motion without prejudice.

# I.
# BACKGROUND

On May 3, 2016, Plaintiff filed a Class Action Complaint alleging Defendant "negligently, and/or willfully contact[ed] Plaintiff through telephone calls on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy." Dkt. 1, Compl. ¶ 1. Plaintiff brings this action on behalf of

---

[1] Plaintiff titled the Motion as a "Motion for Order Holding Defendant's Counsel in Contempt for Failure to Comply with the Court's February 15, 2018 Order." However, in light of the relief sought, the Court construes Plaintiff's motion as a motion to compel compliance with the Court's order, rather than a motion to hold Lucero in contempt.

herself and all persons within the United States who received a telephone call from Defendant on his or her cellular telephone number through the use of any automatic telephone dialing systems or artificial or pre-recorded voice system, and where Defendant has no record of prior express consent for such individual to make such call, within four years prior to the filing of the Complaint. Id. at ¶ 32.

On September 5, 2017, default by clerk was entered against Defendant. Dkt. 52. On September 6, 2017, the Court issued an Order to Show Cause Re: Default Judgment for October 16, 2017. Dkt. 53. The Court subsequently continued the Order to Show Cause Re: Default Judgment multiple times. See Dkts. 55, 61, 70, 74.

On October 6, 2017, Plaintiff served a subpoena on Lucero ("Subpoena"). Dkt. 66-1, Declaration of Kas Gallucci, ("Gallucci Decl.") ¶ 23, Ex. 1. Lucero did not respond to the subpoena. Id.

On January 22, 2018, Plaintiff filed a motion to compel Lucero to comply with the Subpoena. Dkt. 66. Lucero did not oppose the motion to compel. See Dkt. 71. On February 15, 2018, the Court granted Plaintiff's motion to compel compliance with the Subpoena. Dkt. 72.

On February 16, 2018, Plaintiff's counsel emailed Lucero a copy of the Court's February 15, 2018 Order. Dkt. 78-1, Declaration of Andrew C. Hamilton ("Hamilton Decl.") ¶ 4, Ex. 1. On February 20, 2018, Plaintiff's counsel spoke on the telephone with Lucero's assistant and confirmed Lucero had received a copy of the February 15, 2018 Order. Id., ¶¶ 5, 6, Ex. 2.

On March 22, 2018, Lucero served responses to the Subpoena. Id., ¶ 15, Ex. 10. Lucero states in response to each of the fifty requests: "I am unable to comply with this request as I do not have nor have I ever had the requested documents in my possession, custody or control." Id. Lucero provides some additional information regarding six of the requests. Id.

On March 28, 2018, Plaintiff's counsel sent Lucero an email explaining how her responses were deficient. Id. ¶ 16.

On April 9, 2018, Lucero sent Plaintiff's counsel an email stating "the Waterbury information will be provided shortly." Id., Ex. 11. However, Lucero did not provide any additional documents.

On April 12, 2018, the Court, for a fifth time, continued the Order to Show Cause Re: Default Judgment Hearing until July 16, 2018. Dkt. 77.

On April 30, 2018, Plaintiff filed the instant Motion. Dkt. 78. Plaintiff seeks an order informing Lucero that "failure to produce all documents responsive to Plaintiff's subpoena in her possession, custody, or control within 20 days will result in monetary sanctions." Dkt. 78-2.

On May 11, 2018, Lucero mailed Plaintiff additional documents. See Dkt. 79.

On June 7, 2018, because it was unclear whether the "Waterbury information" been produced, the Court issued an Order requiring Lucero to appear before the Court on July 6, 2018 at 10:00 a.m. Dkt. 81. The Court noted that "[i]f Lucero files a declaration in response to this Order stating under penalty of perjury that all responsive documents in her possession, custody, or control have been produced to Plaintiff, the Court w[ould] consider vacating the Order to Show Cause." Id.

On June 26, 2018, Plaintiff personally served Lucero with a copy of the June 7, 2018 Order. Dkt. 86.

On July 6, 2018, the Court held a hearing on Plaintiff's Motion. Plaintiff's counsel, Andrew Hamilton appeared on behalf of Plaintiff. The Court waited until 10:20 a.m., but Lucero failed to appear. At the hearing, Plaintiff's counsel stated the "Waterbury information" had been produced on May 14, 2018. While Plaintiff's counsel expressed that it seemed implausible for Lucero not to have any records of communications with her client, he conceded there was nothing from Lucero's responses or emails that indicated she had any additional documents in her possession, custody, or control that would be relevant to Plaintiff's motion for default judgment. Plaintiff's counsel requested that, at a minimum, the Court Order Lucero to properly verify her responses to the Subpoena.

The matter thus stands submitted.

## II.
## DISCUSSION

As an initial matter, the Court finds Lucero's responses to the Subpoena were properly verified. Pursuant to 28 U.S.C. § 1746, a declaration is valid if it is attested to "within the United States" in "substantially the following form": "I declare . . . under penalty of perjury that the foregoing is true and correct." See 28 U.S.C. § 1746(2). At the July 6, 2018 hearing, Plaintiff's counsel stated Lucero's verification was insufficient because it was signed "under penalty of perjury under the laws of the State of California," rather than "under the laws of the United States." However, the verification was executed in California and is substantially similar to the attestation required under 28 U.S.C. § 1746(2). See, e.g., Nownejad v. Farmers Ins., No. CV 13-6507 PSG (JCx), 2014 WL 12591258, at *3 (C.D. Cal. Sept. 18, 2014) (overruling an objection to a declaration signed in California "under the laws of the State of California"). As a result, Lucero's verification is sufficient.

Lucero's verified responses clearly state she has no responsive documents in her possession, custody, or control. Lucero then admitted she had not produced the "Waterbury information" concurrently with her responses to the Subpoena. However, the "Waterbury information" has now been produced. In addition, Plaintiff's counsel was unable to identify at the hearing any relevant, responsive documents that have not been produced. Hence, there is no basis for the Court to require any further production of documents.

# III.
# CONCLUSION

Based upon the foregoing reasons, Plaintiff's Motion is DENIED without prejudice.