**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**THE WESTON FIRM**
GREG WESTON (SBN 239944)
*greg@westonfirm.com*
ANDREW C. HAMILTON (SBN 299877)
*andrew@westonfirm.com*
1405 Morena Blvd., Suite 201
San Diego, California 92110
Telephone: (619) 798-2006

*Class Counsel*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI GOLDEN, on behalf of herself, and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>AMERICAN PRO ENERGY,<br><br>                    Defendant. | ) Case No. 5:16-cv-00891<br>)<br>) **CLASS ACTION**<br>)<br>)<br>) **PLAINTIFF'S MOTION TO**<br>) **DECERTIFY THE CLASS AND**<br>) **DISMISS WITHOUT PREJUDICE**<br>)<br>)<br>) Judge:      Hon. Michael W. Fitzgerald<br>) Courtroom: 5A<br>) Date:       September 17, 2018<br>) Time:       10:00 a.m.<br>) |

1

## **TABLE OF CONTENTS**

I.    INTRODUCTION ...............................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND ....................................1

III.  DISCUSSION ....................................................................................3

    A.    LEGAL STANDARD..................................................................3

    B.    PLAINTIFF'S COUNSEL CANNOT CONTINUE TO ADEQUATELY
REPRESENT THE CLASS BECAUSE OF A LACK OF EVIDENCE TO
PROVE DAMAGES TO SUPPORT A MOTION FOR DEFAULT
JUDGMENT ...........................................................................4

    C.    THE CLASS IS NOT MAINTAINABLE BECAUSE CLASS
LITIGATION IS NOT A SUPERIOR MEANS OF LITIGATION AGAINST A
JUDGMENT PROOF DEFENDANT ...............................................6

    D.    THE CLASS IS NOT MAINTAINABLE BECAUSE PLAINTIFF LACKS
INFORMATION SUFFICIENT TO IDENTIFY CLASS
MEMBERS ..............................................................................7

IV.  CONCLUSION..................................................................................7

*Golden v. American Pro Energy,* Case No. 5:16-cv-00891
PLAINTIFF'S MOTION FOR CLASS DECERTIFICATION AND DISMISSAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Barnes v. Am. Tobacco Co.,*
   161 F.3d 127 (3d Cir.1998)........................................................................3

*Bruno v. Eckhart Corp.,*
   280 F.R.D. 540 (C.D. Cal. 2010) ..........................................................3

*Cole v. CRST, Inc.,*
   317 F.R.D. 141 (C.D. Cal. 2016) ..........................................................3

*Eisen v. Carlisle & Jacquelin,*
   417 U.S. 156 (1974) ................................................................................6

*Fair Hous. v. Combs,*
   285 F.3d 899 (9th Cir. 2002) ..................................................................5

*Gen. Tel. Co. of Sw. v. Falcon,*
   457 U.S. 147 (1982) ................................................................................3

*Haley v. Medtronic, Inc.,*
   169 F.R.D. 643 (N.D. Cal. 1996) ......................................................6, 7

*In re Am. Med. Sys., Inc.,*
   75 F.3d 1069 (6th Cir. 1996) ..................................................................6

*In re N. Dist. of California, Dalkon Shield IUD Prod. Liab. Litig.,*
   693 F.2d 847 (9th Cir. 1982) ..................................................................6

*Lightfoot v. D.C.,*
   273 F.R.D. 314 (D.D.C. 2011)................................................................3

*Marlo v. United Parcel Serv., Inc.,*
   639 F.3d 942 (9th Cir. 2011) ..................................................................3

*Saf-T-Gard Int'l, Inc. v. Wagener Equities, Inc.,*
   251 F.R.D. 312 (N.D. Ill. 2008)..............................................................7

*Valentino v. Carter-Wallace, Inc.,*
   97 F.3d 1227 (9th Cir. 1996) ..................................................................6

1

*Zinser v. Accufix Research Inst., Inc.,*

2      253 F.3d 1180, 1190 (9th Cir. 2001) ...................................................6

3  **Rules**

4  Fed. R. Civ. P. 23(a)(4) ...................................................................1, 4

5  Fed. R. Civ. P. 23(c)(1)(C) .................................................................3

6  Fed. R. Civ. P. 23(g)(1)(B) ..............................................................1, 4

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Golden v. American Pro Energy,* Case No. 5:16-cv-00891
PLAINTIFF'S MOTION FOR CLASS DECERTIFICATION AND DISMISSAL

## MEMORANDUM

### I.     INTRODUCTION

Plaintiff Lori Golden ("Plaintiff") respectfully moves this Court to decertify the Class pursuant to 23(a)(4) and 23(g)(1)(B) of the Federal Rules of Civil Procedure and to dismiss this action without prejudice. Class Counsel has made repeated and multiple attempts to obtain relevant and discoverable evidence from Defendant and its counsel without success. (Dkt. Nos. 56-1, 66, 78, 78-1, 79.) As a result, counsel can no longer adequately protect the interests of the class nor prosecute the action vigorously because all discovery options have been exhausted. Thus, class certification is no longer maintainable. Accordingly, Plaintiff respectfully requests decertification of the class and moves for dismissal without prejudice.

### II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action on May 3, 2016, alleging Defendant American Pro Energy ("Defendant") violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"). On April 10, 2017, Plaintiff moved for class certification. (Dkt. No. 28.) On May 11, 2017, this Court granted Plaintiff's class certification motion pursuant to Federal Rule of Civil Procedure 23(b)(3). (Dkt. No. 35.)

Over the next year, Plaintiff attempted to obtain relevant and discoverable evidence about the identity of class members and the number of calls made to such class members from Defendant and its counsel, Linda Lucero ("Ms. Lucero"), at various times without success. Repeated efforts to acquire evidence spanning over a year only resulted in no relevant responses at all. (*See* Dkt. Nos. 56-1, 66, 78, 78-1, 79.)

On September 5, 2017, default by clerk was entered against Defendant. (Dkt. No. 52.) The Court subsequently continued the Order to Show Cause Re: Default Judgment several times. (*See* Dkt. Nos. 53, 55, 61, 70, 74.) On October 6, 2017, Plaintiff served a subpoena on Ms. Lucero that went unanswered. (Dkt. No. 66.)

1

Plaintiff's counsel plausibly believed based on representations made by Ms. Lucero during meet and confers that she had relevant and discoverable evidence in her possession (Dkt. No. 56-1.), but Plaintiff's requests for information from Defendant and its counsel went unanswered or were returned with incomplete information. (Dkt. Nos. 56-1, 66, 66-1, Declaration of Kas Gallucci, ¶ 23, Ex. 1, 78, 78-1, 79.) On November 2, 2017, Plaintiff filed a motion to compel defendant's counsel to provide responses to plaintiff's discovery. (Dkt. No. 56.) On January 22, 2018, Plaintiff filed a motion to compel Ms. Lucero to comply with the lawfully issued subpoena directed to Ms. Lucero and Ms. Lucero did not oppose. (Dkt. Nos. 66, 71.) On February 15, 2018, the Court granted Plaintiff's motion to compel compliance with the subpoena. (Dkt. No. 72.)

On March 22, 2018, Ms. Lucero served an incomplete response to the subpoena and stated that she was unable to comply with the requests because she did not have, nor has she ever had, the requested documents. (Dkt. No. 78-1, Declaration of Andrew C. Hamilton ¶ 15, Ex. 10.) On November 1, 2017, Ms. Lucero emailed Plaintiff's counsel and informed him that the Defendant has dissolved the company, has no assets, no operations, and that its primary officer had left for Israel. (Dkt. Nos. 66, p. 9, 66-2, p. 48.)

On July 9, 2018, the court denied Plaintiff's Motion to Compel Defendant's Counsel to Comply with Court's February 15, 2018 Order to produce relevant documents because Ms. Lucero stated she did not have nor has ever had responsive documents in her possession. (Dkt. No. 87.) Plaintiff's counsel also served a subpoena on West Coast Center as encouraged by Judge Kato that failed to produce discoverable evidence. In light of the West Coast subpoena and the Court's ruling on July 9, 2018, Plaintiff's counsel have hit a wall regarding discovery options and can no longer vigorously prosecute this action. Therefore, class certification is no longer maintainable.

*Golden v. American Pro Energy,* Case No. 5:16-cv-00891
PLAINTIFF'S MOTION FOR CLASS DECERTIFICATION AND DISMISSAL

## III.    DISCUSSION

### A. Legal Standard

In considering a motion to decertify, "a court must reevaluate whether the class continues to meet the requirements of Rule 23." *Cole v. CRST, Inc.*, 317 F.R.D. 141, 144 (C.D. Cal. 2016) (quoting *Bruno v. Eckhart Corp*., 280 F.R.D. 540, 544 (C.D. Cal. 2010).) "Rule 23 expressly allocates to district courts the discretion to determine whether a class should be certified in the first instance, and to revisit the propriety of continued certification during the pendency of the action." *Lightfoot v. D.C.*, 273 F.R.D. 314, 322 (D.D.C. 2011); *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.") "It is within the Court's discretion to decertify a class." *Id.* (citing *Marlo v. United Parcel Serv., Inc*., 639 F.3d 942, 944 (9th Cir. 2011).) "The Court has a continuing duty to ensure compliance with classification requirements pursuant to Rule 23, and therefore may decertify a class at any time." *Id*.; *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation.")

"The Supreme Court views certification orders as 'inherently tentative,' thereby, the court 'remains free to modify them in the light of subsequent developments in the case.'" *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. at 160 quoting *Lightfoot*, 273 F.R.D. at 322 (D.D.C. 2011). "In fact, as the 'gatekeeper' in the certification context, district courts may abuse their discretion by failing to revisit their preliminary certification decisions where continued certification is no longer appropriate." *Lightfoot*, 273 F.R.D. at 322; *See also Barnes v. Am. Tobacco Co.,* 161 F.3d 127, 140 (3d Cir. 1998) ("[C]ourts are required to reassess their class rulings as the case develops.") Significantly, the status of this action is markedly different than it was when the Court last addressed certification on May 11, 2017.

In certifying the class, this Court found that Plaintiff met Fed. R. Civ. P. 23(a)(4). Fed. R. Civ. P. 23(a)(4) allows for class certification only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(g)(1)(B) advises that the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.

**B. The Class is Not Maintainable Because Plaintiff's Counsel Cannot Continue to Represent the Class Without Evidence to Prove Damages to Support a Motion for Default Judgment.**

It is undisputable that Plaintiff's counsel is competent and experienced to qualify as class counsel given their credentials and approval of class certification. However, given Defendant and its counsel's breach of duty in light of numerous failed attempts to obtain discovery documents, it would be futile or unreasonably difficult for Plaintiff's counsel to proceed with this case.

As an initial matter, Defendant and its counsel cornered Plaintiff by failing to offer any relevant and discoverable evidence. Repeated efforts to acquire evidence spanning over a year only resulted in no relevant responses at all. (*See* Dkt. Nos. 56-1, 66, 78, 78-1, 79.) Ms. Lucero gave Plaintiff's counsel the runaround by often being unresponsive and failing to be forthcoming with information as promised. For instance, on October 6, 2017, Plaintiff served a subpoena on Ms. Lucero that went unanswered. (Dkt. No. 66.) Only when faced with the threat of sanctions would Ms. Lucero respond. On February 15, 2018, the Court granted Plaintiff's motion to compel compliance with the subpoena issued to Ms. Lucero. (Dkt. No. 72.) On March 22, 2018, Ms. Lucero finally served a partial response, stating she did not have nor has she ever had the requested documents. (Dkt. No. 78-1.) On July 9, 2018, the court declined to hold Defendant's counsel in contempt of the Court's February 15, 2018 Order to produce relevant documents, concluding that Ms. Lucero adequately stated she did not have nor has ever had responsive documents in her

*Golden v. American Pro Energy,* Case No. 5:16-cv-00891
PLAINTIFF'S MOTION FOR CLASS DECERTIFICATION AND DISMISSAL

possession. (Dkt. No. 87.)  Furthermore, Ms. Lucero offered incomplete information in Defendant's responses to interrogatories stating that she had no relevant information in her possession. (Dkt. No. 78-1.)

According to Ms. Lucero, Defendant has dissolved the company and its primary officer has absconded to Israel (Dkt. No. 66), and despite numerous attempts to compel the production of documents, Plaintiff's counsel has received no information necessary to prove damages at default judgment. Without the necessary information expected to be in the possession of Defendant and its counsel, litigating this action would be futile.

Plaintiff's counsel plausibly believed based on representations Ms. Lucero made that she had relevant and discoverable evidence in her possession. (Dkt. No. 56-1.) Defendant's failure to comply with this Court's discovery orders has interfered with Plaintiff's ability to prove her claims and to obtain a decision in the case. Moreover, Defendant's willful failure to cooperate has deprived Plaintiff "of any meaningful opportunity to follow up on the time-sensitive information or to incorporate it into litigation strategy" (Dkt. No. 45); *Fair Hous. v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Thus, Defendant's failure to cooperate has prejudiced Plaintiff's ability to litigate her case on behalf of herself and on behalf of the Class. (Dkt. No. 45.)

Plaintiff's counsel also served a subpoena on West Coast Center as encouraged by Judge Kato that failed to offer relevant and discoverable evidence. Without the necessary information Plaintiff's counsel cannot move forward with this action to prove damages. In light of the Court's ruling on July 9, 2018, Plaintiff's counsel has exhausted all discovery options and can no longer protect the interests of the class, and the class is not maintainable.

**C. The Class is Not Maintainable Because Class Adjudication is not a Superior Means of Litigation Against a Judgment Proof Defendant.**

*Golden v. American Pro Energy,* Case No. 5:16-cv-00891
PLAINTIFF'S MOTION FOR CLASS DECERTIFICATION AND DISMISSAL

"In determining superiority, courts must consider the four factors of Rule 23(b)(3)." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001). "A consideration of these factors requires the court to focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis." *Id.* quoting 7A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, Federal Practice and Procedure § 1780 at 562 (2d ed.1986). At issue here are factors three and four.

The third factor looks to "the desirability or undesirability of concentrating the litigation of the claims in the particular forum" Fed. R. Civ. P. 23(b)(3)(C). The fourth factor considers "the difficulties likely to be encountered in the management of a class action" Fed. R. Civ. P. 23(b)(3)(D). "The Supreme Court has described the manageability issue as 'encompass[ing] the whole range of practical problems that may render the class format inappropriate for a particular suit'" *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 653 (N.D. Cal. 1996) quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 164 (1974). Precedent dictates that "when the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action is not the 'superior' method of adjudication." *Zinser*, 253 F.3d at 1192; *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-1235 (9th Cir. 1996); *In re N. Dist. of California, Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 856 (9th Cir. 1982), as amended (July 15, 1982); *see also In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1085 (6th Cir. 1996).

The *Haley* court was confronted with whether class certification would be proper and found that Plaintiffs failed to establish why it would be efficient for the court to hear the case. The court reasoned it would not be efficient to litigate the case in the forum because potential plaintiffs, witnesses, and evidence were located across the country. *Id.* Like *Haley*, here, it would be inefficient to litigate in this forum because as stated above, Ms. Lucero indicated that Defendant has no assets,

*Golden v. American Pro Energy,* Case No. 5:16-cv-00891
PLAINTIFF'S MOTION FOR CLASS DECERTIFICATION AND DISMISSAL

no operations, and its owner left for Israel. (Dkt. No. 66, p. 9.) Because Defendant and its executives, witnesses, and the evidence are now located in unknown locations, or in a different country, and Defendant has failed to litigate this case, it is no longer efficient to litigate in this forum. Moreover, the fourth factor is no longer met because management of the class is fruitless. The *Haley* court's practical considerations are instructive here. Given the absence of Defendant and its judgment proof status, litigating the case would be unnecessarily costly while rendering it impossible to distribute recovery to the class. Accordingly, the class action is no longer superior.

### D. THE CLASS IS NOT MAINTAINABLE BECAUSE PLAINTIFF LACKS INFORMATION SUFFICIENT TO IDENTIFY CLASS MEMBERS.

For the reasons described above, Plaintiff has likewise been unable to obtain discovery sufficient to identify any members of the Class. In *Saf-T-Gard Int'l, Inc. v. Wagener Equities, Inc.*, 251 F.R.D. 312, 315 (N.D. Ill. 2008), for example, the court denied class certification in a TCPA case like this one because "there is simply no reasonable way of identifying potential class members in this case" when "the parties themselves have been unable to obtain records of the identity of the Class members. Notice would be impossible here, and "in the absence of some realistic means of identifying potential class members, class certification is inappropriate." *Saf-T-Gard Int'l, Inc,* 251 F.R.D. at 315.

### IV. CONCLUSION

Based on the foregoing, the class is no longer maintainable pursuant to Fed. R. Civ. P. 23. Accordingly, Plaintiff respectfully requests that the class be decertified and that this action be dismissed without prejudice.

Dated: August 16, 2018          Respectfully submitted,

/s/ *Ronald A. Marron*

7

Ronald A. Marron

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON
KAS L. GALLUCCI
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

/s/ *Greg Weston*
  Greg Weston

**THE WESTON FIRM**
GREG WESTON
ANDREW C. HAMILTON
1405 Morena Blvd., Suite 201
San Diego, California 92110
Telephone: (619) 798-2006

***Class Counsel***

8